IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CITY OF PAGE, COCONINO COUNTY, ARIZONA, a political subdivision and municipal corporation of the State of Arizona<br><br>Plaintiff,<br><br><br><br>vs.<br><br><br>UTAH ASSOCIATED MUNICIPAL POWER SYSTEMS ("UAMPS"), a Utah public entity and an interlocal cooperative agency,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br><br><br><br>Case No. 2:05 CV 921 TC |

Plaintiff City of Page, Arizona ("Page"), filed this lawsuit against Defendant Utah Associated Municipal Power Systems ("UAMPS"), an interlocal cooperative agency of which Page is a Member. In its Complaint, Page alleges nine causes of action against UAMPS, most of which are in relation to UAMPS's imposition of a "Cost Recovery Charge" on its Members. UAMPS filed a motion to dismiss "counts" three through seven, as well as count nine. The three causes of action that UAMPS does not challenge through this motion are all breach of contract claims.

UAMPS's primary contention in support of its motion is that the Utah Governmental Immunity Act ("UGIA") bars nearly all of Page's claims. In relation to various causes of action, UAMPS also argues that (1) Page failed to follow procedural rules applicable to derivative suits, (2) Page failed to plead with enough particularity to overcome the presumption that the

challenged actions of the UAMPS Board of Directors were properly left to the business judgment of the board, and (3) the relevant limitations period bars Page's challenge of the legality of certain UAMPS meetings.

The court grants in part and denies in part UAMPS's motion.  Specifically, Page's claims for "Conflict of Interest," "Breach of Fiduciary Duty," and "Unjust Enrichment/Constructive Trust" are dismissed.  The court agrees with UAMPS that the UGIA has not expressly waived immunity for those claims.  And although it may be the case that Page's claim for unjust enrichment falls within the equitable exception to the immunity doctrine, Page has an adequate remedy at law to address the allegations underlying that claim.  As a result, it is not appropriate to exercise equitable jurisdiction over that claim.

UAMPS's motion to dismiss Page's request for declaratory judgments is denied, because those causes of action fall within the equitable exception to the immunity doctrine.  Additionally, Page has sufficiently stated a claim that UAMPS violated the Utah Open and Public Meetings Act.  Accordingly, UAMPS's motion to dismiss that claim is denied.

### Motion to Dismiss Standard

A court should grant a motion to dismiss when the complaint, viewed in the light most favorable to the plaintiff, fails to state a claim on which relief can be granted.  See Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006) (all well-pleaded factual allegations of the complaint are accepted as true and viewed in the light most favorable to the nonmoving party), accord Dill v. City of Edmond, 155 F.3d 1193, 1201 (10th Cir. 1998).  While well-pleaded factual allegations are accepted as true, the court makes its own determination on legal issues. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[D]ismissal under Rule 12(b)(6) 'is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal

rules of pleading but also to protect the interests of justice.'" Moore, 438 F.3d at 1039 (quoting

Duran v. Carris, 238 F.3d 1268, 1270 (10th Cir.2001) (quotation and citation omitted)).

Granting dismissal is only appropriate when "it appears to a certainty that plaintiff is entitled to

no relief under any state of facts which could be proved in support of the claim." Gas-A-Car,

Inc. v. Am. Petrofina, Inc., 484 F.2d 1102, 1107 (10th Cir.1973)

### Factual Allegations

The following facts are taken from Page's Complaint.

*UAMPS*

UAMPS was formed under the Utah Interlocal Cooperation Act.  (See Compl. ¶ 2.)  That

act allows local governmental units "to cooperate with other localities on a basis of mutual

advantage" in an effort to efficiently provide services and facilities.  Utah Code Ann. § 11-13-

102.  UAMPS consists of approximately forty-five Members and is governed internally by its

Amended and Restated Bylaws ("Bylaws") and its Amended and Restated Agreement for Joint

and Cooperative Action ("Joint Action Agreement").  (See id. at ¶¶ 8-9.)  The Bylaws require

each Member to appoint a Member Representative to represent that Member's interests when

UAMPS exercises its powers.  (Id. at ¶ 10.)  The Bylaws require the UAMPS Board of Directors

to act in the best interest of UAMPS.  (Id. at ¶ 11.)

Each Member of UAMPS is required to sign a Power Pooling Agreement ("Pooling

Agreement") and to subscribe to a power pool.  (Id. at ¶ 17.)  But Members are not required to

consign surplus energy to the power pool and, similarly, are not required to purchase energy

from the power pool.  (Id.)  With the exception of Page's claim that UAMPS violated the Utah

Open and Public Meetings Act, the claims UAMPS seeks to dismiss through this motion involve

the Pooling Agreement, (see Pool Agreement, attached to Compl. as Ex. C).

*The UAMPS Power Pool and Cost Recovery Charge*

Citing volatility in the energy market, the UAMPS Power Pool Committee directed UAMPS staff to acquire "forward-purchase contracts," which are essentially energy purchase agreements set at a locked rate.  (See Compl. ¶ 37.)  The purchaser of such a contract is betting that the locked-in purchase rate will be lower than the market rate at the time the purchases are consummated.  (See id.)

Although UAMPS received assurances from several Members that they would subscribe to the forward-purchased power, UAMPS entered into several purchase contracts without securing firm commitments that Members would subscribe to the power purchased.  (Id. at ¶ 42.) UAMPS Members instead waited on the sidelines watching market rates to determine if subscribing to the power acquired by UAMPS would be economically beneficial.  (See id. at ¶ 54.)  Prevailing market conditions rendered the power secured by the forward-purchase contracts economically unattractive and not one Member of UAMPS subscribed to the power UAMPS acquired through those contracts.  (See id. at ¶¶ 65, 68.)

As a result, UAMPS was saddled with uneconomical forward-purchase contracts and began to take steps to cover the loss.  (See id. at ¶¶ 74-75.)  As part of UAMPS's effort to offset the losses it had suffered, the UAMPS Board imposed a "Cost Recovery Charge" on all UAMPS Members.

In its Complaint, Page raises several allegations of wrongdoing on the part of UAMPS in connection with the procurement of the forward-purchase contracts and the steps taken by UAMPS to cover the losses resulting from those contracts.  Page's essential claim is that UAMPS impermissibly allowed active participants in the Power Pool to speculate on the energy market and to use UAMPS Members as a safety net to cover any losses that could result from

that speculation.  According to Page, any profit gained as a result of the energy-market speculation would benefit only Power Pool participants, but any loss would unfairly be allocated to all UAMPS Members, whether they actively participated in the Power Pool or not.  In short, Page claims that UAMPS failed to place the interests of UAMPS, as an entity, above the individual interests of some UAMPS Members.

*Open Meetings*

In its Complaint, Page also alleges that UAMPS violated the Utah Open and Public Meetings Act.  Page does not identify any particular meeting that was held in violation of the act, but claims that UAMPS held executive meetings without providing proper notice and without following any approved procedure to close meetings to the public.  Page additionally alleges that UAMPS took actions against Page's interest at meetings held in violation of the act.

## Analysis

Through this motion, UAMPS is seeking to dismiss six of Page's causes of action: Cause Three (Conflict of Interest), Cause Four (Breach of Fiduciary Duty), Cause Five (Declaratory Judgment Under Arizona Law), Cause Six (Declaratory Judgment Under Utah Law), Cause Seven (Unjust Enrichment), and Cause Nine (Violation of Open Meetings Law).  UAMPS argues that Causes 3-4 (Conflict of Interest and Breach of Fiduciary Duty) should be dismissed because (1) the UGIA has not expressly waived immunity from the claims, (2) Page failed to follow procedural rules applicable to derivative actions, and (3) Page failed to plead with enough particularity to overcome the presumption that the challenged actions of the UAMPS Board were properly left to the board's business judgment.  UAMPS argues that Causes 5-7 (the requests for declaratory relief and claim for unjust enrichment) are also barred by the UGIA.  Finally,

UAMPS contends that Cause 9 (violation of open meetings law) is barred by the limitations period set forth in the Utah Open and Public Meetings Act.

The court concludes that the UGIA does not expressly waive governmental immunity from Page's claims for conflict of interest, breach of fiduciary duty, and unjust enrichment. Nevertheless, Page argues that even if the UGIA does not expressly waive immunity from Page's unjust enrichment claim, that claim should not be dismissed because it falls within the equitable exception to the immunity doctrine. But Page's contract claims provide it with an adequate remedy at law to address the factual allegations underlying its unjust enrichment claim. Accordingly, the court declines to exercise equity jurisdiction over that claim.

Because the court finds that there has been no waiver of immunity from Page's claims for breach of fiduciary duty and conflict of interest, there is no need to address UAMPS's argument that those causes of action should be dismissed for failure to comply with procedural requirements applicable to derivative suits. Similarly, the court's conclusion renders moot UAMPS's argument that those causes should be dismissed for Page's alleged failure to overcome the presumption that the challenged actions of the UAMPS Board were properly left to the board's business judgment.

The court denies UAMPS's motion to dismiss Page's request for declaratory relief under both Arizona and Utah law. Page's declaratory judgment claims fall within the equitable exception to the immunity doctrine and, because Page does not have an adequate remedy at law to address the allegations underlying its request for declaratory judgments, those claims may proceed.

Finally, the court denies UAMPS's request to dismiss Page's claim that UAMPS violated Utah open meetings laws.  In outlining this cause of action, Page's Complaint is sufficient to satisfy the liberal notice pleading requirement and defeat a motion to dismiss.

*The Utah Governmental Immunity Act*

"Governmental immunity is an affirmative defense to suits against state or local government." Buckner v. Kennard, 2004 UT 78, ¶ 35, 99 P.3d 842.  But Utah, through the UGIA, has waived its immunity from certain types of claims. See id.  Utah also recognizes a common law exception to the UGIA that allows plaintiffs to pursue equitable claims. See El Rancho Enters., Inc. v. Murray City Corp., 565 P.2d 778, 779 (Utah 1977) ("The common law exception to governmental immunity pertaining to equitable claims has long been recognized in this jurisdiction.").  Page concedes that UAMPS enjoys governmental immunity to the extent that immunity is not waived by the UGIA or otherwise abrogated by the equitable exception to the immunity doctrine.

*The UGIA's Waiver of Immunity Is Limited*

Page contends that its claims are not barred because the UGIA waives immunity for claims that "arise" from contractual rights.  The heart of the parties' disagreement on this point is the proper interpretation of Utah Code section 63-30d-301(1)(a)-(b), which states:

> (1)(a) Immunity from suit of each governmental entity is waived as to any contractual obligation.
> (b) Actions arising out of contractual rights or obligations are not subject to the requirements of Sections 63-30d-401, 63-30d-402, 63-30d, 403, or 63-30d-601 [all of which relate to notification and initiation procedures].

Page argues that the language of subsections (a) and (b) must be considered together and that, therefore, the UGIA waives immunity for all contractual obligations as well as any claim that "arises out" of a contractual relationship.  According to Page, Causes 3-4 (breach of

fiduciary duty and conflict of interest) arise out of contract because they are premised on UAMPS's alleged violation of express contractual language that requires UAMPS to "act in the best interests of the UAMPS." (Plf.'s Opp'n to Def.'s Mot. to Dismiss Counts Three Through Seven and Nine 7-8; see id. ("[T]he plain language of the Complaint . . . casts Causes of Action Three and Four as arising directly from the contractual obligations set forth in the Bylaws. . . . Page has suffered a direct harm as a result of UAMPS' failure to comply with express contractual provisions requiring UAMPS to act in the 'best interests of the UAMPS' and forbidding it from holding Page liable for the debts and liabilities of other Members.") More specifically, Page claims that the UAMPS Board was "contractually required . . . to . . . refrain from engaging in conflict of interest transactions and voting," and "contractually required to uphold their fiduciary duty to the organization and its Members," and that the breach of express contractual provisions "entitl[ed] Page to bring its conflict of interest and breach of fiduciary duty causes of action. (Id. at 11.) Additionally, Page argues that its unjust enrichment claim arises out of contract because UAMPS was unjustly enriched as a direct result of its breach of contract.

Page's argument boils down to an assertion that its claims for breach of fiduciary duty, conflict of interest, and unjust enrichment "aris[e] directly" from a breach of express contract but are not breach of express contract claims in and of themselves. Case law does provide some support for Page's position that some claims can be considered as "arising" from contract. For example, the Utah Supreme Court has stated that "a claim for breach of fiduciary duty is an independent tort that, on occasion, arises from a contractual duty." Norman v. Arnold, 2002 UT 81, ¶ 35, 57 P.3d 997. See Sadwick v. Univ. of Utah, 2001 WL 741285 (D. Utah 2001) ("Although an action for breach of fiduciary duty may on rare occasions sound in contract, see Hal Taylor Associates v. Unionamerica, Inc., 657 P.2d 743, 749 (Utah 1982), under Utah law

contracts rarely implicate a fiduciary relationship.  See Semenov v. Hill, 982 P.2d 578, 580 (Utah 1999).").

UAMPS counters that it makes no difference whether Page's causes of action "arise" from contract because, properly interpreted, the UGIA's waiver of immunity is not broad enough to encompass such claims.  According to UAMPS, the broad interpretation of the UGIA proposed by Page would eviscerate governmental immunity, rendering governmental entities exposed to any and all claims of a potential plaintiff whenever a contract is implicated in some fashion.  The court agrees with UAMPS, at least so far as Causes 3-4 and Cause 7 (breach of fiduciary duty, conflict of interest, and unjust enrichment) are concerned.

When interpreting a statute, the court's "primary goal . . . is to give effect to the legislative intent, as evidenced by the plain language, in light of the purpose the statute was meant to achieve.  Foutz v. City of S. Jordan, 2004 UT 74 ¶ 11, 100 P.3d 1171 (internal quotation omitted).  And the plain language of Utah Code section 63-30d-301(1) does not support Page's assertion that the State of Utah has waived governmental immunity for claims "arising out of contractual rights or obligations."

In interpreting the UGIA's waiver provision, Page puts the proverbial cart before the horse and asks the court to read the statute backward, with subsection (b) defining the scope of the immunity waived by subsection (a).  But the more appropriate interpretation is that subsection (a) waives immunity for contract claims and that  subsection (b) waives notice requirements for any claim brought under subsection (a).  It is evident from the plain language of the statute that subsection (a) directly identifies the scope of the waiver, while subsection (b) deals only with the issues of notice and suit initiation.  In short, subsection (b) does not attempt to modify the scope of the waiver announced in subsection (a).  Therefore, it would be incorrect

to rely on subsection (b) as an aid to ascertain the scope of the waiver announced in subsection

(a).[1]

Given the above, the court concludes that Utah Code section 63-30d-301(1) does not

waive UAMPS's immunity from Causes 3-4 and Cause 7 of Page's Complaint (breach of

fiduciary duty, conflict of interest, and unjust enrichment).  Because Page has made no argument

that its claims for breach of fiduciary duty and conflict of interest are allowable under another

section of the UGIA or fall within the equitable exception to the UGIA, those two claims must be

dismissed on governmental immunity grounds.

*Equitable Exception*

Page argues that even if the UGIA does not contain an express waiver allowing Page to

pursue Cause 7 (unjust enrichment), that claim falls within the equitable exception to the

immunity doctrine and should therefore not be dismissed.  Page also argues that its requests for

declaratory relief under Arizona and Utah law (Causes 5-6) fall within the equitable exception

and should not be dismissed.

The Utah Supreme Court has frequently recognized a common-law exception to the

governmental immunity doctrine that enables plaintiffs to pursue equitable claims in spite of

governmental immunity.  See, e.g., Houghton v. Dept. of Health, 2005 UT 63, ¶ 19 n.3, 125 P.3d

860;  El Rancho Enters., Inc., 565 P.2d at 780.   The equitable exception to the immunity

_____

[1]In contrast to Utah Code section 63-30d-301(1)(b), the plain language of subsection (c)
unquestionably modifies the scope of the waiver announced in subsection (a).  Subsection (c)
expressly retains immunity for the Division of Water Resources in certain situations where the
Division is unable to meet contractual obligations to provide a set amount of water.  The clear
intent of subsection (c) is to modify the scope of the immunity waived by subsection (a).  A
similarly clear expression of legislative intent to modify the scope of waived immunity is
noticeably lacking in subsection (b).

doctrine survived the passage of the UGIA.  See Houghton, 2005 UT 63 at ¶ 19 n.3.  But the

exact scope of the equitable exception remains ill-defined.

*Unjust Enrichment*

Even if Page's unjust enrichment claim falls within the equitable exception to the

immunity doctrine, it is nevertheless appropriate to dismiss that cause of action from this suit

because Page has an adequate remedy at law.  See Buckner v. Kennard, 2004 UT 78, ¶ 56, 99

P.3d 842 ("[T]he general rule is that equitable jurisdiction is precluded if the plaintiff has an

adequate remedy at law and will not suffer substantial irreparable injury.  Equitable jurisdiction

is not justifiable simply because a party's remedy at law failed." (internal citations omitted)); see

also William Q. de Funiak, Handbook of Modern Equity 38 (2d ed. 1956) ("The want of equity

jurisdiction does not mean that the court has no power to act but that it should not act, as on the

ground, for example, that there is an adequate remedy at law.").  In Utah, the ability to pursue an

unjust enrichment claim presupposes the absence of an enforceable express contract.  See Am.

Towers Owners Ass'n v. CCI Mech., 930 P.2d 1182, 1193 (Utah 1996) ("If a legal remedy is

available, such as breach of an express contract, the law will not imply the equitable remedy of

unjust enrichment."); Davies v. Olson, 746 P.2d 264, 268 (Utah Ct. App. 1987) ("Recovery

under quantum meruit presupposes that no enforceable written or oral contract exists.").

Here, the parties agree that there are valid, express contracts that govern the relationship

between UAMPS and Page.  A review of Page's unjust enrichment claim reveals that Page,

through that claim, challenges the very actions at issue in its express contract claims.  In short,

Page has an adequate remedy at law for the allegations that serve as the foundation for its unjust

enrichment claim and its unjust enrichment claim is therefore dismissed.

11

*Page's Request for Declaratory Judgments*

Page's Complaint also contains a request for declaratory judgments under both Arizona and Utah law. Specifically, Page requests declarations that the Cost Recovery Charge, as well as certain loans to UAMPS from Zions First National Bank are ultra vires and void under either Arizona law, Utah law, or both. Page represents that it "do[es] <u>not</u> seek money or damages" under Causes 5-6 (the declaratory judgment requests), but only a declaration concerning the legal authority of UAMPS's and Page's authority in relation to the Cost Recovery Charge and the loans from Zions Bank. (Plf.'s Opp'n to Def.'s Mot. to Dismiss Counts Three Through Seven and Nine 15.)

Accordingly, Page argues that its request for declaratory judgments falls within the equitable exception to the immunity doctrine. The court agrees. Both <u>El Rancho Enterprises</u>, 565 P.2d at 779-80, and <u>Jenkins v. Swan</u>, 675 P.2d 1145, 1154 (Utah 1983), indicate that requests for equitable relief are not barred by governmental immunity and that the notice provisions of the UGIA are inapplicable to equitable claims. <u>See</u> <u>Jenkins</u>, 675 P.2d at 1154 ("Jenkins seeks equitable relief in the form of a declaratory judgment. . . . [E]quitable claims of this nature . . . are exempt from the notice requirements."). Indeed, Page's requests for declaratory relief appear strikingly similar to the types of claims in <u>El Rancho Enterprises</u> and <u>Jenkins</u>; namely, whether a governmental entity was acting within its lawful authority. <u>See</u> <u>Jenkins</u>, 675 P.2d at 1148 (action challenging permissibility of property tax practices); <u>El Rancho Enterprises</u>, 595 P.2d at 780 (overcharges by municipality "made by mistake or fraud and without authority of law").

Unlike Page's unjust enrichment claim, the allegations contained in Page's request for declaratory judgments raise issues that extend beyond the boundaries of the express contracts

that otherwise govern UAMPS.  If the court dismissed Page's request for declaratory judgments, it would effectively deprive Page of any relief warranted by the allegations serving as the foundation for that request.  Accordingly, UAMPS's motion to dismiss those claims is denied.

*Open and Public Meetings Act*

Finally, it is premature to dismiss Page's claim that UAMPS violated the Utah Open and Public Meetings Act.  UAMPS argues that this cause of action should be dismissed because Page failed to file suit within ninety days of a meeting allegedly held in violation of the Utah Open and Public Meetings Act.  See Utah Code Ann. § 52-4-8 (requiring suits seeking to void final actions taken at meetings held in violation of the act to be commenced within ninety days of the final action).[2]

Page's Complaint does not identify any specific dates on which it alleges UAMPS held meetings in violation of the Open and Public Meetings Act.  Also, Page does not confine its requested relief to voiding final actions taken by UAMPS.  Rather, it seeks an order compelling UAMPS to comply with the act and making public any information evidencing what was discussed during meetings that were improperly closed.  (See Compl. ¶ 261.)

Although Page's allegations do not provide specific dates of improper meetings, its Complaint does allege that UAMPS violated the act, and specifically claims that UAMPS held meetings without providing adequate notice and also illegally closed meetings.  Applying liberal rules of notice pleading, Page's claim is sufficient to withstand a request for dismissal.  See Corbin v. Runyon, No. 98-6288, 1999 WL 590749 (10th Cir. Aug. 6, 1999) ("Even though Ms.

---

[2]The Utah Open and Public Meetings Act was renumbered and amended during the 2006 General Session of the Utah State Legislature.  Because the prior version of the act was in effect at the time Page filed its Complaint and because the parties have relied on that version while briefing this issue, the court similarly cites to the previous version.  No party has alleged that the revisions to the act in any way materially effect Page's claim.

13

Corbin's second amended complaint is certainly not a picture of clarity, it is sufficient under our liberal notice pleading rules to survive a motion to dismiss." (citing <u>Porter v. Karavas</u>, 157 F.2d 984, 985-86 (10th Cir. 1946) ("Indefiniteness of a complaint is not ground for dismissing the action if it states a claim showing that the plaintiff is entitled to relief.")).  Accordingly, Page has sufficiently stated a claim that UAMPS violated the Utah Open and Public Meetings Act, and UAMPS's motion to dismiss that claim is premature.

<u>Conclusion</u>

The court GRANTS in part and DENIES in part UAMPS's Motion to Dismiss Counts Three Through Seven and Nine.  The court dismisses Page's third and fourth causes of action (Conflict of  Interest and Breach of Fiduciary Duty) because the UGIA has not expressly waived immunity from those claims.  The court declines to dismiss Page's fifth and sixth causes of action (both requests for declaratory relief) because those claims fall within the equitable exception to the immunity doctrine and seek relief on a broader scale than a simple recovery under contract.  The court dismisses Page's seventh cause of action (unjust enrichment) because the UGIA has not waived immunity from that claim and Page possesses an adequate remedy at law to redress the alleged wrong.  Finally, the court declines to dismiss Page's ninth cause of action pertaining to alleged violations of open meetings law.  That claim sufficiently states a cause of action under the liberal rules of notice pleading to overcome UAMPS's request for dismissal.

SO ORDERED this 7th day of July, 2006.

BY THE COURT:

TENA CAMPBELL
United States District Judge

14